1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   Scott N. Johnson,                 )
                                       )    2:10-cv-01054-GEB-KJM
11                Plaintiff,           )
                                       )
12         v.                          )    STATUS (PRETRIAL SCHEDULING)
                                       )    ORDER
13   Bug Man Pest Control Inc.,        )
     Individually and d/b/a Bugman     )
14   Pest Control Inc.; Dale A.        )
     Burke; Barbara Burke,             )
15                                     )
                  Defendants.
16   _____

17         The status (pretrial scheduling) conference scheduled for

18   August 9, 2010, is vacated since the parties' Joint Status Report filed

19   on July 20, 2010 ("JSR"), indicates that the following Order should

20   issue.

21         SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

22         No further service, joinder of parties or amendments to

23   pleadings is permitted, except with leave of Court for good cause shown.

24                            DISCOVERY

25         All discovery shall be completed by March 14, 2012. In this

26   context, "completed" means that all discovery shall have been conducted

27   so that all depositions have been taken and any disputes relative to

28   discovery shall have been resolved by appropriate orders, if necessary,

                                  1

1  and, where discovery has been ordered, the order has been complied with

2  or, alternatively, the time allowed for such compliance shall have

3  expired.[1]

4         Each party shall comply with Federal Rule of Civil Procedure

5  26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or

6  before October 14, 2011, and any contradictory and/or rebuttal expert

7  disclosure authorized under Rule 26(a)(2)(c)(ii) on or before November

8  14, 2011.

9                  MOTION HEARING SCHEDULE

10         The last hearing date for motions shall be May 14, 2012, at

11  9:00 a.m.[2]

12         Motions shall be filed in accordance with Local Rule 230(b).

13  Opposition papers shall be filed in accordance with Local Rule 230(c).

14  **Failure to comply with this local rule may be deemed consent to the**

15  **motion and the Court may dispose of the motion summarily.** Brydges v.

16  Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely

17  oppose a summary judgment motion may result in the granting of that

18  motion if the movant shifts the burden to the nonmovant to demonstrate

19  a genuine issue of material fact remains for trial. Cf. Marshall v.

20  Gates, 44 F.3d 722 (9th Cir. 1995).

21         Absent highly unusual circumstances, reconsideration of a

22  motion is appropriate only where:

23  _____

24     [1]   The Magistrate Judges in the Eastern District are responsible
for resolving discovery disputes. See Local Rule 302(c)(1). A party

25  conducting discovery near the discovery "completion" date risks losing

26  the opportunity to have a judge resolve a discovery dispute concerning
that discovery.

27     [2]   This time deadline does not apply to motions for continuances,

28  temporary restraining orders, emergency applications, or motions under
Rule 16(e) of the Federal Rules of Civil Procedure.

1    (1)  The Court is presented with newly discovered evidence
2  that could not reasonably have been discovered prior to the filing of
3  the party's motion or opposition papers;

4    (2)  The Court committed clear error or the initial decision
5  was manifestly unjust; or

6    (3)  There is an intervening change in controlling law.
7  A motion for reconsideration based on newly discovered evidence shall
8  set forth, in detail, the reason why said evidence could not reasonably
9  have been discovered prior to the filing of the party's motion or
10 opposition papers.

11    Motions for reconsideration shall comply with Local Rule
12 230(j) in all other respects.

13    The parties are cautioned that an untimely motion
14 characterized as a motion in limine may be summarily denied.  A motion
15 in limine addresses the admissibility of evidence.

16                    FINAL PRETRIAL CONFERENCE

17    The final pretrial conference is set for July 9, 2012, at 1:30
18 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE
19 CASE for each party shall attend the final pretrial conference.  In
20 addition, all persons representing themselves and appearing in propria
21 persona must attend the pretrial conference.

22    The parties are warned that **non-trial worthy issues could be
23 eliminated *sua sponte*** "[i]f the pretrial conference discloses that no
24 material facts are in dispute and that the undisputed facts entitle one
25 of the parties to judgment as a matter of law."  Portsmouth Square v.
26 S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

27

28

1       The parties shall file a **JOINT** pretrial statement no later
2 than seven (7) calendar days prior to the final pretrial conference.[3]
3 The joint pretrial statement shall specify the issues for trial,
4 including a description of each theory of liability and affirmative
5 defense, and shall estimate the length of the trial.[4]  The Court uses the
6 parties' joint pretrial statement to prepare its final pretrial order
7 and could issue the final pretrial order without holding the scheduled
8 final pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833
9 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial
10 conference.").

11       If possible, at the time of filing the joint pretrial
12 statement counsel shall also email it in a format compatible with
13 WordPerfect to: geborders@caed.uscourts.gov.

14 TRIAL SETTING

15       Trial shall commence at 9:00 a.m. on October 9, 2012.

16 MISCELLANEOUS

17       The parties are reminded that pursuant to Federal Rule of
18 Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall not**
19 **be modified except by leave of Court for good cause shown.**
20 ///
21 ///

22

23     [3]    The failure of one or more of the parties to participate in
the preparation of any joint document required to be filed in this case
24 does not excuse the other parties from their obligation to timely file
the document in accordance with this Order.  In the event a party fails
25 to participate as ordered, the party or parties timely submitting the
document shall include a declaration explaining why they were unable to
26 obtain the cooperation of the other party.

27     [4]    **The joint pretrial statement shall also state how much time**
28 **each party desires for voir dire, opening statements, and closing**
**arguments.**

4

1    **Counsel are cautioned that a mere stipulation by itself to**

2  **change dates does not constitute good cause.**

3

4        IT IS SO ORDERED.

5  Dated:  July 28, 2010

6

7  _____
   GARLAND E. BURRELL, JR.

8  United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28